UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNIDEX GROUP, INC., <br><br> Plaintiff, <br><br> v. <br><br> ECSI INTERNATIONAL, INC., a/k/a ECSI, Inc., and a/k/a Electronic Control Security, Inc., <br><br> Defendant. | No. 09 CV 5889 <br> Judge James B. Zagel |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Unidex Group, Inc. ("Unidex") filed a complaint against Defendant ECSI International, Inc. ("ECSI") alleging breaches of two contracts, seeking accountings for both contracts, and requesting a declaratory judgment as to the rights and obligations under one of the contracts. ECSI seeks to dismiss Unidex's complaint pursuant to Fed. R. Civ. P. 12(b)(1), (2) and (3) for lack of jurisdiction and venue; and, in the alternative, seeks to compel arbitration. For the following reasons, Defendant's motion to dismiss is granted.

**I.  BACKGROUND**

Defendant ECSI International, Inc. ("ECSI") is a New Jersey corporation with corporate headquarters located in New Jersey. ECSI is in the business of supplying security equipment to government agencies and non-governmental customers in the United States and overseas. Plaintiff Unidex Group, Inc. ("Unidex") is an Illinois corporation that sells and distributes industrial supplies and equipment. Pursuant to various agreements between ECSI and Unidex signed in April of 1997, January of 2000, and February of 2009, as well as other less formal agreements, Unidex marketed and sold ECSI's products in Asia.

The 2000 Agreement and the 2009 Agreement are at issue in this case. Unidex maintains that the 2000 agreement gave Unidex the exclusive right to market the sale, installation, and service of security systems manufactured by ECSI in Korea and China. Unidex further claims that the 2009 agreement gave Unidex the exclusive right to market ECSI's products in South Korea. In its complaint, Unidex alleges that ECSI breached the exclusivity provisions of these agreements by allowing one or more other firms to serve as ECSI sales representatives in Korea. The issues I must consider in deciding ECSI's motion to dismiss are: (1) whether personal jurisdiction exists; (2) whether subject-matter jurisdiction exists; and (3) whether this venue is improper. If jurisdiction does exist and this venue is proper, I must consider whether to compel arbitration.

## II. ANALYSIS

A federal district court can exercise two types of personal jurisdiction over an out-of-state defendant like ECSI - general and specific. *Hyatt Int'l Corp. v. Coco*, 302 F.3d 707, 713 (7th Cir. 2002).[1]

---

[1] A district court exercising diversity jurisdiction may only exercise personal jurisdiction over a defendant if personal jurisdiction would be proper in an Illinois court. *Hyatt*, 302 F.3d at 713. The Illinois long-arm statute, 735 ILL. COMP. STAT. 5/2-209(c) (2008), streamlines the analysis by allowing Illinois courts to exercise personal jurisdiction up to the limits of the United States Constitution. *Hyatt*, 302 F.3d at 714-15.

Under either the general or specific rubric for exercising personal jurisdiction, the Fourteenth Amendment Due Process Clause requires that Defendant have "minimum contacts" with the forum state "such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice." *Id.* at 716 (quoting *Int'l Shoe Co. v. Wash.*, 326 U.S. 310, 316 (1945)). Defendant must have "purposefully established minimum contacts within the forum State" in order for the exercise of personal jurisdiction to be reasonable and fair. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476 (1985). Crucial to the minimum contacts analysis is a showing that ECSI "should reasonably anticipate being haled into court [in the forum State]," *id.* at 474 (quoting *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980)), because Defendant has "purposefully avail[ed] itself of the privilege of conducting activities" there. *Hanson v. Denckla*, 357 U.S. 235, 253 (1958).

As Plaintiff, Unidex has the burden of demonstrating the existence of personal jurisdiction. *GCIU-Employer Ret. Fund v. Goldfarb Corp.*, 565 F.3d 1018, 1023 (7th Cir. 2009). Because I am deciding this issue based on written submissions, Unidex must establish a prima facie case of personal jurisdiction. *Purdue Research Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782-83 (7th Cir. 2003). I must resolve conflicts between the parties' written submissions in favor of Unidex, but once Defendant ECSI "has submitted affidavits or other evidence in opposition to the exercise of jurisdiction, . . . [Unidex] must go beyond the pleadings and submit affirmative evidence supporting the exercise of jurisdiction." *Id.* at 783. In other words, although I must resolve "factual disputes in the pleadings and affidavits in favor of the party asserting jurisdiction," I must also "take . . . as true those facts contained in the defendant's affidavits that remain unrefuted by the plaintiff." *C.S.B. Commodities, Inc. v. Urban Trend (HK)*

*Ltd.*, No. 08 C 1548, 2009 WL 57455, *3 (N.D. Ill., Jan. 7, 2009) (citing *Jamik, Inc. v. Days Inn of Mount Laurel*, 74 F. Supp. 2d 818, 821 (N.D. Ill. Nov. 30, 1999).[2]

**A. General Jurisdiction**

General jurisdiction over an out-of-state defendant is permitted where the defendant has "continuous and systematic general business contacts" with the forum state, even if the suit does not arise out of or relate to the defendant's contacts. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 416 (1984). The Seventh Circuit has held that these continuous and systematic contacts "must be so extensive to be tantamount to [the defendant] being constructively present in the state to such a degree that it would be fundamentally fair to require it to answer in [the state's] court in any litigation arising out of any transaction or occurrence taking place anywhere in the world." *Purdue*, 338 F.3d at 787.

The only contacts Unidex puts forward to establish general jurisdiction is ECSI's allegedly constant shipment of its products to Illinois. In support, Unidex offers a declaration from its president Jong Kim stating that 95% of ECSI's shipments to Korea were delivered by ECSI to Unidex's shipping company in the Chicago area before subsequent shipping to Asia. Unidex also provides freight and cargo receipts, which it claims establish that ECSI shipped their

---

[2] The submissions I am considering in making my determination are: Plaintiff's Complaint and accompanying evidence - including copies of the 2000 and 2009 Agreements and an email exhibit; Defendant's Motion to Dismiss and Memorandum of Law in Support and accompanying evidence - including a signed declaration by ECSI president Arthur Birch as well as email and letter exhibits; Plaintiff's Response and accompanying evidence - including a signed declaration by Unidex president Jong H. Kim, various email and letter exhibits, copies of freight and cargo receipts, and a copy of a pricing quotation; and finally, Defendant's Reply Memorandum and accompanying evidence - including a signed declaration by Arthur Birch, as well as email and letter exhibits and copies of invoices.

products to Illinois. These receipts do not indicate whether ECSI or Unidex arranged and paid for the pick up and delivery of the ECSI products.

ECSI contests Unidex's allegations and maintains that ECSI never shipped any products purchased by Unidex to Illinois. Rather, ECSI claims that Unidex chose the place to which the goods would be shipped and arranged and paid for pick-up of the goods. In support, ECSI offers a declaration from its president Arthur Birch and an invoice from an ECSI-Unidex shipment stating that the shipment was "To Be Picked Up By Forwarder As Designated by UNIDEX." Def.'s Rep., Ex. 3. This evidence, which was not refuted by Unidex, demonstrates that Unidex arranged for the shipment of ECSI goods into Illinois. There is no indication that ECSI requested that their products be shipped to Illinois or any indication that they otherwise purposefully established this contact. Such "unilateral activity" cannot be used to establish minimum contacts for purposes of exercising personal jurisdiction. *Helicopteros*, 466 U.S. at 416 (holding that alleged contact with forum state was too unilateral to be considered for personal jurisdiction analysis where defendant accepted checks drawn on a bank in the forum state and there was no indication that defendant ever requested that the checks be drawn on a bank in the forum state).

Even if Unidex was able to refute the evidence and establish that indeed ECSI had paid for and arranged these shipments, the shipment of goods on only a few documented occasions by an out of state defendant does not approximate ECSI's constructive presence in Illinois to such a degree that it would be fundamentally fair to require it to answer in Illinois's courts in any litigation arising out of any transaction or occurrence taking place anywhere in the world.

Therefore, the shipments, even if paid for and arranged by ECSI, fail to meet the "continuous and systematic general business contacts" standard, and thus I may not exercise general jurisdiction.[3]

**B. Specific Jurisdiction**

Specific jurisdiction exists when "the defendant has a lesser degree of contact with the state, but the litigation arises out of or is related to those contacts." *Logan Prods. v. Optibase*, 103 F.3d 49, 52 (7th Cir. 1996). In its complaint, Unidex alleges that ECSI has sufficient minimum contacts with the State of Illinois because ECSI (1) shipped products to Illinois for subsequent sales overseas, (2) paid Unidex for services rendered on ECSI's behalf, (3) contracted with Unidex, an Illinois corporation, and (4) sent officers to Illinois for "personal visits with Unidex . . . for business purposes." Pl.'s Resp. to Def.'s Mot. to Dismiss, 11.

Here too Unidex failed to refute evidence that it unilaterally arranged to have ECSI products shipped into Illinois. Regarding payments for services, ECSI correctly states that payments into the forum state are insufficient to establish jurisdiction. *Federated Rural Elec. Ins. Corp. v. Inland Power & Light Co.*, 18 F.3d 389, 395 (7th Cir. 1994) (finding insufficient minimum contacts where defendant made payments to forum state, acquired stock from plaintiff while plaintiff was in forum state, backed the sale of bonds to residents of the forum state, communicated with plaintiff in forum state by phone and by mail, and met with plaintiff outside

---

[3] In determining whether general jurisdiction exists, I do not consider the other contacts alleged by Unidex in the section on specific jurisdiction infra. Unidex did not present these other alleged contacts as grounds for establishing general jurisdiction, and instead chose to argue for general jurisdiction solely based on the shipment of ECSI products to Illinois. Even were I to consider the other alleged contacts, which are discussed in greater detail below, these contacts in their totality still fail to rise to the level of systematic and continuous contacts such that they approximate ECSI's constructive presence in Illinois, as required to establish general jurisdiction.

of forum state). Therefore, I turn now to the remaining two allegations of minimum contacts: ECSI's contract with Unidex and ECSI's meetings with Unidex in Illinois.

Unidex argues that ECSI has sufficient minimum contacts with Illinois because ECSI contracted with Unidex, an Illinois corporation. A contract between a state resident and a non-resident does not automatically establish sufficient minimum contacts for personal jurisdiction. *Citadel Group Ltd. v. Wash. Reg'l Med. Ctr.*, 536 F.3d 757, 761 (7th Cir. 2008). When specific jurisdiction arises out of a contract, a court must consider "the parties' 'prior negotiations and contemplated future consequences, along with the terms of the contract and the parties' actual course of dealing' in determining whether there were sufficient minimum contacts." *Id.* (quoting *Burger King*, 471 U.S. at 479). When evaluating these factors, the district court may consider who initiated the transaction and where the performance of the contract was to take place. *Id*. at 762. Here, it is undisputed that Unidex solicited ECSI to enter into the 2000 and 2009 Agreements. It is also undisputed that the performance of the contracts at issue occurred outside of the State of Illinois. Performance occurred either in Korea, New Jersey, or Alabama. Therefore, the contracts between Unidex and ECSI do not constitute sufficient minimum contacts to establish specific jurisdiction.

Unidex finally argues that ECSI has had sufficient minimum contacts with Illinois based on ECSI's officers' personal visits to Illinois for business purposes. Unidex President Jong Kim states that ECSI officers visited Illinois in 2003, 2004, and 2006. ECSI admits that meetings occurred but argues that they were social in nature. In response, Unidex offers emails between ECSI and Unidex officers referencing conversations had at the 2003 and 2006 meetings about "the present market in Korea" and "forming a mutually beneficial Joint Venture (JV) for the

7

purpose of long term business opportunities." Pl.'s Resp. to Def.'s Mot. to Dismiss, Ex. A.  It is possible that these meetings might meet the requirement of minimum contacts.  However, even if I resolve this dispute in favor of Unidex and hold that minimum contacts do exist, Unidex has still failed to allege that the present litigation arose out of the meetings.

Under specific jurisdiction, the litigation must arise out of or be related to the alleged minimum contacts.  *Logan Prods*, 103 F.3d at 52.  In determining when litigation arises out of alleged contacts in a contract case, the Seventh Circuit has stated "only the dealings between the parties in regard to the disputed contract" are "relevant to minimum contacts analysis."  *Hyatt*, 302 F.3d at 717.  As stated earlier, Unidex has the burden of demonstrating the existence of personal jurisdiction.  *GCIU*, 565 F.3d at 1023.  Even if the meetings were business-related and not social, Unidex has failed to allege that the meetings were related to either of the disputed contracts, the 2000 or 2009 Agreements, nor does Unidex allege any facts to support such a contention.  Because ECSI and Unidex have a long history of varied business deals, it is possible that these meetings, even though they involved conversations about Korea and business opportunities, had no relation to the agreements that are the focus of the present litigation.  Therefore, the meetings that occurred in Illinois are insufficient to establish personal jurisdiction.

Because Unidex has failed to meet its burden in establishing general or specific personal jurisdiction, I need not reach the issues of subject-matter jurisdiction, venue, or arbitration.

**III. CONCLUSION**

For the foregoing reasons, defendant ECSI's motion to dismiss for lack of personal jurisdiction is granted.

ENTER:

James B. Zagel
United States District Judge

DATE: February 9, 2010